(1 Misc. Rep. 484.)

RIEGER et al. v. SWAN.

(City Court of New York, General Term.  December 22, 1892.)

INSTRUCTIONS—INCONSISTENCY BETWEEN—BURDEN OF PROOF.
  In an action on a contract, an instruction that the burden of proof is not on defendant is consistent with another that the burden of proving the contract is on plaintiffs, and that they are bound to establish its existence by a preponderance of the evidence.

Appeal from trial term.

Action by John H. Rieger and others against William J. Swan on a contract.  From a judgment entered on a verdict in plaintiffs' favor, defendant appeals.  Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS, J.

W. J. Severance, for appellant.
Palmer & Boothly, for respondents.

EHRLICH, C. J.  The action was upon a special agreement, whereby the defendant agreed, in consideration of an introduction given by the plaintiffs, that he would divide with the plaintiffs the sum to be received by him upon a transaction growing out of such introduction.  The contract was satisfactorily proved, and the jury awarded the plaintiffs a verdict for the amount which the parties had agreed upon.  But the defendant claims that the verdict is against the weight of evidence.  In this he is mistaken.  The verdict in no manner indicates bias or prejudice, and no doubt records the conviction of a disinterested jury on conflicting facts.  It should not be disturbed.  The exceptions taken by the defendant are without merit.  The one at folio 118, to that portion of the charge which the judge qualified, is unavailing.  In respect to this the trial judge said that the burden of proof was not on the defendant.  This was consistent with what he said in another portion, wherein he told them that the burden of proving the contract was upon the plaintiffs, who were bound to establish its existence by a preponderance of evidence.  There is no merit in the appeal, and the judgment and order appealed from must be affirmed, with costs.